[No. 2626-3. Division Three. March 29, 1978.]

*In the Matter of the Personal Restraint of*
ROBERT R. MORRIS, *Petitioner.*

*Richard Blumberg,* for petitioner.

*Michael R. Tabler, Prosecuting Attorney,* and *Judith L. McCauley, Deputy,* for respondent.

McINTURFF, J.—Robert Morris seeks relief from personal restraint imposed by an extension of juvenile court jurisdiction past his 18th birthday pursuant to RCW 13.04.260. The court found Mr. Morris to be delinquent based upon his involvement in four counts of forgery. We vacate the order extending jurisdiction because of the failure of the trial court to set forth the reasons for the extension as required by RCW 13.04.260.

On August 4, 1977, a petition was filed in Douglas County Juvenile Court alleging that Mr. Morris, aged 17, was a delinquent child based on his involvement in four counts of forgery. The court appointed Mr. Davis Ellis to represent Mr. Morris in the hearing before the juvenile court. Prior to the hearings, Mr. Morris requested court appointed counsel of his choice. Apparently the court refused to appoint new counsel, but subsequently Mr. Robert Scott was associated with Mr. Ellis in the case. A hearing was held September 6, 1977, before Court Commissioner R. A. Hensel. The court entered findings, conclusions, and an order based upon Mr. Morris' admissions to the allegations of the delinquency petition. The prosecutor contends Mr. Scott, who represented Mr. Morris at the hearing, waived a written record of the proceedings, and approved the order, findings and conclusions. The court found Mr. Morris to be a dependent–delinquent child, and extended jurisdiction to his 19th birthday. Mr. Morris was committed to the Division of Institutions of the Department of Social and Health Services, and ordered to make

restitution in the sum of $189.50. The only reason given for the disposition was "because it is in the best interest of the child." The prosecutor alleges that during sentencing, the court commissioner discussed with petitioner the reasons for commitment to the Division of Institutions and for extension of jurisdiction. However, approximately 2 months after the juvenile court hearing, the tape–recorded record was erased.

■ RCW 13.04.260[1] requires the juvenile court to enter a written order setting forth the reasons for extension of jurisdiction beyond a juvenile's 18th birthday. Here, the written order extending jurisdiction consists only of conclusory language and there are no reasons given for the extension.

Therefore, the order extending jurisdiction must be vacated, and the cause remanded to the Douglas County Juvenile Court for further proceedings. If the prosecutor wishes to pursue the extension of jurisdiction, the juvenile shall be represented by court appointed counsel, and have a right to be present at the hearing. Both Mr. Morris and his counsel shall be given adequate notice of the date, time and purpose of the hearing, and a court reporter shall be present at the hearing. In addition, if the court determines to extend jurisdiction, it must enter a "written order setting forth its reasons therefor" in accordance with the requirements of RCW 13.04.260.

---

[1]RCW 13.04.260 states:

"In no case shall a delinquent juvenile be committed by the juvenile court to the department of social and health services for placement in a juvenile correctional institution beyond the child's twenty–first birthday. A delinquent juvenile shall be under the jurisdiction of the juvenile court or the authority of the department of social and health services beyond the child's eighteenth birthday only if the juvenile court has, prior to the juvenile's eighteenth birthday, found the juvenile to be delinquent and has extended the jurisdiction beyond the child's eighteenth birthday by written order setting forth its reasons therefor.

"In no event shall the juvenile court have authority to extend jurisdiction over any delinquent juvenile beyond the juvenile's twenty–first birthday."

The order extending jurisdiction is vacated and the case is remanded for further proceedings in accordance with this opinion.

GREEN and ROE, JJ., concur.